IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ELIZABETH PANOS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-17-CV-00220-ATB |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION & ORDER

On this day, the Court considered Plaintiff's "MOTION FOR ATTORNEY FEES UNDER § 206(b)(1)" ("Motion for Fees") (ECF No. 17), and Plaintiff's "BRIEF IS [*sic*] SUPPORT OF MOTION FOR ATTORNEY FEES UNDER § 206(b)(1)" ("Brief") (ECF No. 18).

For the reasons set forth below, **IT IS HEREBY ORDERED** the Plaintiff's Motion for Fees is **GRANTED**.

## I. BACKGROUND[1]

On July 19, 2017, Plaintiff Elizabeth Panos ("Panos") filed a complaint seeking judicial review of the decision of the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits. *See* (ECF No. 1). On February 21, 2018, the Court reversed the decision of the Commissioner and remanded for further proceedings. (ECF Nos. 13, 14). Panos subsequently moved for and was awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,124.50 and for the reimbursement of costs or expenses in the amount of $400.00 for the filing of the action. (ECF Nos. 15, 16).

---

[1] While recounting the factual background, the Court addresses only the facts relevant to the immediate Order.

Panos's Motion for Fees states that "Plaintiff subsequently prevailed on remand. The Commissioner's Great Lakes Program Service Center calculated the benefits and awarded Plaintiff $87,973.00 in total past due benefits. Of this amount, $21,993.25 which represented 25% of the award was withheld for the direct payment of an attorney fee by the Social Security Administration." (ECF No. 17, p. 1-2). Additionally, "[t]he contingent-fee contract between Plaintiff and his [*sic*] attorney provided that the fee for representation would be 25% of past-due benefits paid to Plaintiff's counsel for Federal Court representation, and specifically provides that any rights he has to this award are assigned to counsel." (*Id*. at 4-5); *see* (ECF No. 17-3) ("I agree to pay a fee of 25% of my past due benefits even if that amount is greater than the amount set forth in 42 U.S.C. 406(a)(2)."). Further, "counsel seeks a fee authorization in the amount of $21,993.25 pursuant to § 206(b)(1) of the Social Security Act."[2] (*Id*. at 5).

The Motion for Fees states that while not objecting to the filing of the Motion, the defendant did "reserve[] the right to file a response on reasonability." (ECF No. 17, p. 2). The Commissioner has filed a Notice of Additional Information, indicating that Panos "was due $87,973.00 in past-due benefits, with $21,993.25 withheld for payment of attorney fees." (ECF No. 24). To date, the Commissioner has not filed a response addressing the reasonableness of the fee request.

## II.  LEGAL STANDARDS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). Further, "the Social Security Act 'discretely' addresses attorney's fees for the administrative and judicial-review

---

[2] Section 206 of the Social Security Act was codified at 42 U.S.C. § 406.

stages: '§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)).

Pursuant to § 406(b), "when a court 'renders a judgment favorable to a claimant . . . who was represented before the court by an attorney,' the court may award 'a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Id*. at 522 (quoting 42 U.S.C. § 406(b)(1)(A)) (emphasis omitted). These "fees are authorized in cases where an attorney obtains a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013); *see Jeter v. Astrue*, 622 F.3d 371, 375 n.3 (5th Cir. 2010) ("For purposes of § 406(b), a successful decision on remand is considered a favorable decision before the district court."). Section 406(b) "authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802.

Contingency fee agreements in Social Security cases "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. at 807. For contingency fee agreements within the twenty-five percent statutory ceiling, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 809. Further, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

Even though "a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Jeter*, 622 F.3d at 379. Section 406(b) was written "to 'ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees.'" *Id*. (quoting *Gisbrecht*, 535 U.S. at 805) (alteration in original).

3

## III. ANALYSIS

Preliminarily, the Court notes that the Commissioner has not filed a response to the Motion for Fees. In a request for fees pursuant to 42 U.S.C. § 406(b) "the Commissioner of Social Security here . . . has no direct financial stake in the answer to the § 406(b) question; instead, [she] plays a part in the fee determination resembling that of a trustee . . . ." *Jeter*, 622 F.3d at 374 n.1 (5th Cir. 2010) (internal quotation omitted). Further, even though Panos is the Plaintiff in this action, "the real party in interest is [her] attorney . . . who seek[s] to obtain higher fee awards under § 406(b)." *Id*. (alteration in original).

### a. Reasonableness Under 42 U.S.C. § 406(b)

Pursuant to § 406(b), courts are to review for reasonableness fees yielded by contingency fee agreements. *Gisbrecht*, 532 U.S. at 809. Unlike the "fee-shifting statutes that created the lodestar method, § 406(b) constitutes 'the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants.'" *Jeter*, 622 F.3d at 378 (quoting *Gisbrecht*, 535 U.S. at 795-96). When attorneys' fees are statutorily shifted to the losing party pursuant to a fee-shifting statute, the lodestar method "holds sway in federal-court adjudication of disputes over the amount of fees properly shifted to the loser in the litigation." *Gisbrecht*, 535 U.S. at 802; *See Jeter*, 622 F.3d at 378. Because 42 U.S.C. § 406(b) is not a fee-shifting statute, "the Supreme Court explicitly rejected [the] primary reliance on the lodestar method as the 'starting point' in determining a fee's reasonableness pursuant to § 406(b)." *Jeter*, 622 F.3d at 378.

### 1. *The Contingency Fee Agreement*

Courts are instructed give a contingency fee agreement "primacy" when considering an award of § 406(b) fees. *Jeter*, 622 F.3d at 379; s*ee Gisbrecht*, 535 U.S. at 793 (reversing the judgment below because it "rest[ed] on lodestar calculations and reject[ed] the primacy of lawful

attorney-client fee agreements . . . ."). Starting with the contingency fee agreement, in this case Panos unambiguously agreed to pay Osterhout "a fee of 25% of [her] past due benefits even if that amount is greater than the amount set forth in 42 U.S.C. 406(a)(2)." (ECF No. 17-3). Following remand, Panos was awarded $87,973.00 in past-due benefits. (ECF No. 24, p. 1). Twenty-five percent of the past-due benefits is $21,993.25. This is the exact amount requested by Osterhout in the Motion for Fees. "When, as here, the agreement calls for a fee of twenty-five percent of past-due benefits—*the same percentage allowed by statute*—the fee contemplated by the agreement, if not presumptively reasonable, is at least a forceful starting point and solid benchmark." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, *6 (E.D. Tex. July 22, 2004) (emphasis in original).

Even though the Court is to give the contingency fee agreement primacy, if the benefits of a contingency fee agreement are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be necessary to prevent a windfall for the lawyer. *See Jeter*, 622 F.3d at 379; *Gisbrecht*, 535 U.S. at 808. In the Fifth Circuit, this means that the lodestar method may still be used when considering the reasonableness of the result of the contingency fee agreement if the court also "articulate[s] additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. The hourly rate may be considered in the windfall assessment if the court further considers "whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id*.

The effective hourly rate resulting from the fee award requested by Osterhout is $793.98. (ECF No. 18, p. 1). Osterhout represents that his "typical noncontingent hourly rate for work of a like nature is $300.00 per hour." (*Id*. at 2). Osterhout further submits that based upon a study

conducted by the Administrative Conference of the United States, from 2010-2013 twenty-four percent of cases in the Western District of Texas were remanded. (*Id.*). Finally, Osterhout suggests that this risk of loss "could justify a noncontingent hourly fee as high as $1124.00 . . ." because the average hourly rate for an El Paso attorney is $281.00. (*Id.*).

While the Fifth Circuit has not provided an exhaustive list of factors to employ when considering the reasonableness of a fee award pursuant to a contingency fee agreement, it has approved some factors utilized by district courts. The Fifth Circuit has cited with approval the consideration of the "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As the party seeking the fee award, Osterhout "must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

A. *Risk of Loss*

For the first factor, "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), rec. *adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), rec. *adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012); *Jeter*, 622 F.3d n.9 ("Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.") (internal quotation omitted).

In this case, there was a substantial risk of loss because Panos had previously lost at all levels of the administrative proceedings. *See* (ECF No. 13, p. 1-2) ("Plaintiff then filed a request for a hearing, which was held on April 5, 2016. (R. 16-24, 78). The Administrative Law Judge ("ALJ") issued a decision on May 24, 2016, denying benefits. (R. 16-24). Subsequently, the Appeals Council denied review. (R. 1-4)."). This factor supports granting the Motion for Fees.

      B.      *Experience of the Attorney*

In support of the Motion for Fees, Osterhout points to his experience as an attorney in social security litigation. Based on the information provided to the Court, Osterhout appears to be an experienced attorney. In the Brief, Osterhout states that he "has been practicing in the area of Social Security law for 35 years, and has in the course of that practice personally represented approximately 20,000 claimants in their administrative hearings." (ECF No. 18, p. 2). Further, Osterhout maintains that "he has also personally represented or overseen the representation of approximately 5000 claimants in appeals to federal district courts nationwide." (*Id*.). This factor supports the reasonableness of the requested fee award.

      C.      *Percentage of Past-Due Benefits*

In further support of the Motion for Fees, Osterhout contends that the requested fee award is within the statutory maximum of twenty-five percent allowed by § 406(b). (*Id*. at 3). Pursuant to § 406(b), an award greater than twenty-five percent of the past-due benefits amount is prohibited. *Culbertson*, 139 S. Ct. at 520; *Gisbrecht*, 535 U.S. at 807. Panos was due $87,973.00 in past-due benefits. (ECF No. 24). Osterhout's requested fee award of $21,993.25 is exactly twenty-five percent of the value of past-due benefits Panos was awarded. Osterhout's requested fee award of $21,993.25 is, therefore, within the statutory maximum percentage of the past-due

7

benefits fee award authorized by § 406(b). This factor supports the reasonableness of the requested fee award.

### D. *Value of the Case to Claimant*

The value of this case to Panos supports Osterhout's fee request. In addition to the substantial past-due benefits Panos was awarded following remand, Osterhout suggests that the value of the future benefits Panos will receive is at least $169,000. (ECF No. 18, p. 3). Both the past-due and future benefits that Panos has and will continue to receive demonstrate that the value of the case to Panos is very high. This factor supports the reasonableness of the requested fee award.

### *2. Other Considerations*

When a lawyer is responsible for delay, it may be necessary to reduce the fee award to prevent an attorney from profiting from an accumulation of past-due benefits resulting in a higher fee award. *See Gisbrecht*, 535 U.S. at 808. In this case, Osterhout expended 27.7 hours to reach the favorable result. This appears to be effective and efficient representation of Panos in this action. *See Deborah M. v. Berryhill*, No. 16-CV-1805-N-BN, 2018 WL 6272466, *4 (N.D. Tex. Oct. 24, 2018) (counsel "provided effective and efficient representation, expending over 28 hours to reach a favorable result."), report and recommendation *adopted,* 2018 WL 6268187 (N.D. Tex. Nov. 30, 2018); *Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, *9 (E.D. Tex. Aug. 11, 1997) ("The typical EAJA application in social security cases claims between thirty and forty hours.") The Court has no information suggesting that Osterhout was in any way responsible for a delay in the proceedings. Accordingly, it does not appear necessary to reduce the requested fee award in response to an attorney created delay.

### *3. The Requested Fee Award is Reasonable*

As the Fifth Circuit explained, an "excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable. *Jeter*, 622 F.3d at 382; *see also Brannen*, 2004 WL 1737443, at *5 (recognizing "that a reasonable contingent-fee agreement may not be wholly consistent with a reasonable hourly rate.") (collecting cases). "[I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. The "windfall" *Gisbrecht* cautioned against "does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making." *Id.*; *see Sabourin v. Colvin,* No. 3:11-CV-2109-M, 2014 WL 3949506 (N.D. Tex. Aug. 12, 2014) (awarding $35,000.00 in § 406(b) fees where attorney expended 28.1 hours, resulting in an effective hourly rate of $1,245.55); *Prude v. U.S. Com'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033 (W.D. La. Jan. 22, 2014) (awarding an effective hourly rate of $937.50). In addition to a high hourly rate, a court must also "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380.

Panos's success appears to be attributable to Osterhout's work and not to some other unearned advantage. Panos had previously been unsuccessful at all levels of the administrative proceedings. *See* (ECF No. 13, p. 1-2). Upon appeal of the final decision by the Appeals Council to this Court, that decision was reversed, and the matter was remanded for further proceedings. (ECF No. 14). Only upon remand was it determined that Panos was eligible for both past and future benefits. *See* (ECF No. 24). This consideration supports the reasonableness of the requested fee award.

While the requested fee award may appear to be high, under the circumstances of this case, it appears to be reasonable and does not represent a "windfall" that the Supreme Court cautioned against in *Gisbrecht*. Giving primacy to the contingency fee agreement, as the Court is instructed, supports granting the Motion for Fees. Further, after consideration of the factors approved by the Fifth Circuit, the Court finds that the requested fee award would not result in an unearned advantage. Therefore, the Court finds that the amount requested by Osterhout, pursuant to the contingency fee agreement, is reasonable under the circumstances of this case.

      **b.**      **The EAJA and § 406(b) Awards**

Osterhout recognizes that "[b]ecause Petitioner has been awarded an EAJA fee, counsel would be entitled to the higher of the two awards, but not both for the same work." (ECF No. 17, p. 2). "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation and alteration omitted); *Rice v. Astrue*, 609 F.3d 831, 837 (5th Cir. 2010) ("Because these EAJA fees can overlap with § 406(b) fees—and because § 406(b)(2) makes it a crime for an attorney to double collect at the judicial level—Congress passed the savings clause, which requires the attorney to refund to the client the lesser amount.") Because the Court finds that Osterhout's fee request pursuant to § 406(b) is reasonable and should be awarded, Osterhout must also refund to Panos the amount of the smaller fee, as described in *Gisbrecht*.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that the contingent fee award requested by Osterhout is reasonable and should be granted.

Accordingly, **IT IS HEREBY ORDERED** that:

- Panos's "MOTION FOR ATTORNEY FEES UNDER § 206(b)(1)" (ECF No. 17) is **GRANTED**.

- The amount of $21,993.25 in attorney fees shall be **CERTIFIED** for payment out of Panos's past-due benefits under 42 U.S.C. § 406(b).

- The Acting Commissioner **SHALL RELEASE** the amount of $21,993.25 as attorney's fees to Panos's counsel Carl E. Osterhout.

- Upon receipt of the fee award, Osterhout **SHALL REFUND** to Panos the lesser amount already awarded in fees under the EAJA.

**SIGNED** and **ENTERED** this 5th day of June, 2019.

*[signature]*

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**